## Mortgage Assets Mgt., LLC v BF Pulaski LLC.

2025 NY Slip Op 32653(U)

July 28, 2025

Supreme Court, Kings County

Docket Number: Index No. 519435/2024

Judge: Carolyn Mazzu Genovesi

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

At an IAS Part FRP-5 of the Supreme Court of the State of New York, held in and for the County of Kings, at the Courthouse, at 360 Adams Street, Brooklyn, New York, on the    day of      202  .

Present: Hon. Carolyn Mazzu Genovesi

**JUL 2 8 2025**

------------------------------------------------------------X

MORTGAGE ASSETS MANAGEMENT, LLC,

                                        Plaintiff,

            -against-

BF PULASKI LLC.; SANITATION ENFORCEMENT AGENCY; SHAYLA MOORE; NEW YORK STATE DEPARTMENT OF TAXATION AND FINANCE; UNITED STATES OF AMERICA INTERNAL REVENUE SERVICE; NEW YORK CITY ENVIRONMENTAL CONTROL BOARD; NEW YORK CITY PARKING VIOLATIONS BUREAU; NEW YORK CITY TRANSIT ADJUDICATION BUREAU; SECRETARY OF HOUSING AND URBAN DEVELOPMENT, and JOHN DOE AND JANE DOE #1 through #7, the last seven (7) names being fictitious and unknown to the Plaintiff, the persons or parties intended being the tenants, occupants, persons or parties, if any, having or claiming an interest in or lien upon the mortgaged premises described in the Complaint,

                                        Defendants,

------------------------------------------------------------X

**DECISION AND ORDER**

Index No.: 519435/2024
Mot. Seq. 1-3

The following papers were read on this motion pursuant to CPLR 2219(a):

| Papers | NYSCEF Numbered |
| --- | --- |
| Motion (MS # 1), Affirmation is Support, Exhibits | 40-44, 53 |
| Affirmation in Opposition (MS # 1) | 55 |
| Reply Affirmation (MS # 1) | 56 |
| Cross-Motion (MS # 2), Affirmation in Support, Affidavit and Exhibits | 65-70 |
| Affirmations in Opposition (MS # 2) | 75, 79 |
| Reply Affirmation (MS # 2) | 87 |
| Memorandum of Law in Support (MS # 2) | 94 |
| Motion (MS # 3), Affirmation in Support, Exhibit | 71-74 |

1

In an action to foreclose a reverse mortgage, 32 Pulaski Corp. ("32 Pulaski"), the previous title owner of the subject property, moves to dismiss the complaint as time-barred, and to cancel the notice of pendency (MS # 1). Defendant Shayla Moore ("Moore") cross-moves to dismiss this action as time-barred, and as the Court lacks jurisdiction (MS # 2). 32 Pulaski moves for leave to amend its motion to dismiss, to in effect supplement its motion to dismiss with an additional affirmation (MS # 3).

Mortgage Assets Management, LLC ("plaintiff")'s predecessor in interest Nationstar HECM Acquisition Trust 2016-1, Wilmington Savings Fund Society, FSB Not Individually but Solely as Trustee, commenced a prior action to foreclose the subject property on June 14, 2017. By Order dated January 2, 2024, and entered March 28, 2024, Justice Larry D. Martin dismissed the 2017 action, as it was commenced against a deceased party and was therefore a nullity. Plaintiff commenced this action on July 18, 2024. By Order dated May 14, 2025, and entered on May 19, 2025, this Court denied plaintiff's motion for partial discontinuance (MS # 4), granted defendant BF Pulaski LLC's motion to be substituted in place of 32 Pulaski, and amended the caption accordingly. In the May 14, 2025 Order, this Court also granted the parties leave to supplement Memoranda of Law by May 28, 2025.

32 Pulaski moves to amend its motion to dismiss, pursuant to CPLR 3025 (MS # 3). CPLR 3025 is the statutory vehicle to amend pleadings. However, the Court grants 32 Pulaski's motion to the extent of accepting and considering 32 Pulaski's affirmation in support (NYSCEF # 72).

32 Pulaski and defendant Moore both request dismissal of the complaint as barred by the statute of limitations. "On a motion to dismiss a complaint pursuant to CPLR 3211(a)(5) on the ground that the statute of limitations has expired, the moving defendant must establish, prima facie, that the time in which to commence the action has expired." *Caderlock Joint Venture, L.P. v.*

[* 2]

*Trombley,* 189 A.D.3d 1157, 1158 (2d Dep't 2020). "An action to foreclose a mortgage is subject to a six-year statute of limitations." *U.S. Bank Trust, N.A. v. Aorta,* 167 A.D.3d 807 (2d Dep't 2018); *see* CPLR 213(4). "When a mortgage is payable in installments, which is the typical practice, an acceleration of the entire amount due begins the running of the statute of limitations on the entire debt." *Wells Fargo Bank, N.A. v. Rutty,* 206 A.D.3d 862, 863 (2d Dep't 2022) quoting *Deutsche Bank Trust Co. Ams. v. Marous,* 186 A.D.3d 669, 670 (2d Dep't 2020). "Acceleration occurs, inter alia, by the commencement of a foreclosure action wherein the plaintiff elects in the complaint to call due the entire amount secured by the mortgage." *GMAT Legal Title Trust 2014– 1 v. Kator,* 213 A.D.3d 915, 916 (2d Dep't 2023). The fact that a defendant died prior to commencement of a foreclosure action, does not revoke or invalidate the plaintiff's election to accelerate the debt, even though the action is a legal nullity. *Wilson 3 Corp. v. Deutsche Bank National Trust Company,* 219 A.D.3d 870, 871 (2d Dep't 2023).

Ordinarily, the statute of limitations would have expired on June 14, 2023, six years after the date the mortgage was accelerated. However, in *Trento 67, LLC v. OneWest Bank, N.A.,* the Appellate Division, Second Department held that the FHA COVID-19 moratorium effectively tolled the statute of limitations between March 18, 2020 and July 31, 2021, for a total of 500 days, for federally backed reverse mortgages. *Trento 67, LLC v. OneWest Bank, N.A.,* 230 A.D.3d 1, 9-10 (2d Dep't 2024). In the present case, plaintiff concedes in its complaint that the "Secretary of Housing and Urban Development is named a party defendant in this action as the holder of a mortgage which is subordinate to that of the Plaintiff." Additionally, the reverse mortgage states in relevant part "[i]n order to secure payments which the Secretary may make to or on behalf of Borrower pursuant to Section 255(i)(1)(A) of the National Housing Act and the Loan Agreement the Secretary has required Borrower to execute a Second Note and a Second Security Instrument

3

[* 3]

on the Property." Accordingly, this Court finds the subject mortgage is a federally backed reverse mortgage, as envisaged in *Trento 67, LLC.* The statute of limitations was therefore extended by 500 days to October 26, 2024. Contrary to 32 Pulaski and defendant Moore's contentions, since this action was commenced on July 18, 2024, this action is timely.

Defendant Moore also cross-moves to dismiss the complaint, as the Court lacks jurisdiction. "[T]he failure to serve process in an action leaves the court without personal jurisdiction over the defendant, and all subsequent proceedings are thereby rendered null and void." *Itshaik v. Singh*, 165 A.D.3d 902, 903 (2d Dep't 2018) quoting *Krisilas v. Mount Sinai Hosp.*, 63 A.D.3d 887, 889 (2d Dep't 2018).

Defendant Moore alleges that nail and mail service was improper, as the process server failed to demonstrate that service via another method could not be effectuated with due diligence. "[T]he preferred methods of personal service on an individual are by delivering the summons to the defendant (see CPLR 308[1]), or by delivering the summons to a person of suitable age and discretion and mailing another copy of the summons to the defendant's last known residence or actual place of business (see CPLR 308 [2])." *McSorley v. Spear*, 50 A.D.3d 652, 653 (2d Dep't 2008). Nail and mail "[s]ervice pursuant to CPLR 308(4) may be used only where personal service under CPLR 308(1) and (2) cannot be made with due diligence." *Velez v. Forcelli*, 152 A.D.3d 630, 631 (2d Dep't 2017). "For the purpose of satisfying the 'due diligence' requirement of CPLR 308(4), it must be shown that the process server made genuine inquiries about the defendant's whereabouts and place of employment." *Sams Distributions, LLC v. Friedman*, 235 A.D.3d 1021, 1023 (2d Dep't 2025) quoting *Niebling v. Pioreck*, 222 A.D.3d 873, 874-875 (2d Dep't 2023). Additionally, a plaintiff cannot establish due diligence when each attempt at personal service is "made on weekdays during hours when it reasonably could have been expected that [the defendants

4

[* 4]

were] either working or in transit to work." *Serrano v. Staropoli*, 94 A.D.3d 1083, 1085 (2d Dep't 2012) quoting *County of Nassau v. Letosky*, 34 A.D.3d 414, 415 (2d Dep't 2006).

In the instant case, the process server made six attempts to serve defendant Moore at a Binghamton address. One attempt was before regular working hours on August 20, 2024, at 7:08 AM. Another attempt was on Saturday, August 24, 2024. However, plaintiff does not prove that it made genuine inquiries about where defendant worked, before its process server attempted nail and mail service. The process server's affidavit merely states "The defendant's address served was confirmed as the legal address for service of process by the NYS DMV record."

Defendant Moore also contends that she did not reside at the Binghamton address where she was purportedly served. "Where service is effected pursuant to CPLR 308(4), the affix and mail method, the plaintiff must demonstrate that the summons was affixed to the door of the dwelling place or usual place of abode of the person to be served and mailed to such person's last known residence." *Handler v. Whelan*, 226 A.D.3d 880, 882 (2d Dep't 2024) quoting *U.S. Bank N.A. v. Henry*, 219 A.D.3d 854, 857 (2d Dep't 2023). A "defendant's alleged failure to update [her] address with the DMV, standing alone, [does] not estop [her] from contesting service at" the address on record with the DMV. *Nationstar Mortgage, LLC v. Molyaev*, 235 A.D.3d 648, 550 (2d Dep't 2025). In the present case, plaintiff alleges that the Binghamton address where it purportedly served defendant Moore was on record with the DMV. However, defendant Moore submitted an affidavit where she attested to residing at a Brooklyn address separate from the subject property, at 1232 St. Marks Avenue. Defendant Moore also provides a W-2 and at ConEdison utility bill which indicate defendant Moore resided at the St. Marks address. Under the circumstances of this case, the Court finds that there are questions of fact as to whether defendant Moore was properly served with the summons and complaint. Accordingly, defendant Moore's cross-motion (MS # 2)

5.

[* 5]

INDEX NO. 519435/2024

RECEIVED NYSCEF: 07/28/2025

is granted to the extent that this matter is referred to a traverse hearing to determine whether service upon her was proper. For the foregoing reasons, it is hereby

ORDERED that 32 Pulaski's motion to amend (MS # 3) is granted to the extent that the Court accepts and considers 32 Pulaski's affirmation in support (NYCEF #72); and it is further

ORDERED that 32 Pulaski's motion to dismiss the complaint (MS #1) is denied in all respects; and it is further

ORDERED that defendant Moore's cross-motion (MS #2) is granted to the extent that this matter is referred to a traverse hearing to determine whether service upon defendant Moore was proper.

Any other relief requested is denied.

This constitutes the decision and order of the Court.

ENTER

Hon. Carolyn Mazzu Genovesi

6

[* 6]